IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN BERNARD SMITH, | * | |
| Petitioner, | * | Criminal Action No. RDB-12-0333 |
| v. | * | Civil Action No. RDB-14-2077 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending before this Court is *pro se* Petitioner Kevin Bernard Smith's ("Petitioner" or "Smith") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 106).[1] Petitioner argues that his trial counsel rendered ineffective assistance, in violation of his rights under the Sixth Amendment to the United States Constitution, U.S. Const. amend. VI. This Court has reviewed the parties' submissions and has determined that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Petitioner's Motion to Vacate (ECF No. 106) is DENIED.

## BACKGROUND

Kevin Bernard Smith ("Petitioner" or "Smith") was charged with Counts I, II, III, and VII of a nine-count Indictment (ECF. No 1) in which three Defendants were charged in connection with an alleged scheme to illegally obtain unemployment insurance benefits using

---

[1] Also pending before this Court is Petitioner's Motion to voluntarily Dismiss (ECF No. 105) his own prior Motions to Change Restitution Schedule of Payments (ECF Nos. 103 & 104) because "the Bureau of Prisons has resolved the matter." *See* Motion to Dismiss, ECF No. 105. Petitioner's Motion to Dismiss (ECF No. 105) is GRANTED. Accordingly, Petitioner's Motions to Change Restitution Schedule of Payments (ECF Nos. 103 & 104) are DISMISSED.

other people's identification information. *See* Indictment, p.3, ECF No 1. Petitioner pled guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(a)(2), (b)(2) (Count I), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count III). *See* Rearraignment Transcript, ECF No. 113-3 [SEALED]. Pursuant to the Plea Agreement, the Government dismissed Counts II and VII of the Indictment. At the rearraignment hearing, this Court engaged in a colloquy with Petitioner, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, during which Petitioner stated that he was satisfied with his counsel's advice and that he was voluntarily pleading guilty. *See* Transcript, ECF No. 113-3. Additionally, Petitioner admitted on the record before this Court that the Statement of Facts included in the plea deal was an accurate description of the identity theft scheme. *See id.* This Court subsequently sentenced Petitioner to a total of sixty-five months imprisonment (forty-one months for Count I and twenty-four months consecutive for Count III). *See* J., ECF No. 67.

Petitioner appealed his sentence to the United States Court of Appeals for the Fourth Circuit, "arguing that the statement of facts submitted at his plea hearing was insufficient to provide a factual basis for his guilty pleas, rendering his pleas involuntary and constructively amending the indictment." *United States v. Smith*, 536 F. App'x. 370, 371 (4th Cir. 2013). Petitioner also argued that "counsel rendered ineffective assistance in advising him to plead guilty." *Id.* The Fourth Circuit rejected Petitioner's arguments and affirmed his sentence. *Id.* Specifically, the Fourth Circuit held that the statement of facts presented during Petitioner's plea colloquy sufficiently supported Petitioner's guilty pleas and that any claim for ineffective

assistance of counsel must be raised "in an appropriate proceeding for post-conviction relief." *Id.*

Subsequently, Petitioner filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 106).[2] Petitioner argues that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Specifically, Petitioner contends that the Government's evidence was insufficient to prove the aggravated identity theft charge (Count III), that his attorney failed to discover or notify him of this fact, and that if he had known the Government's evidence was insufficient, he would not have pled guilty, but rather would have insisted on going to trial. Mot. to Vacate, ¶ 26, ECF No. 106.

## STANDARD OF REVIEW

*Pro se* filings are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citation omitted). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

---

[2] This Court will address all the arguments raised in Petitioner's initial Motion to Vacate (ECF No. 106) and Amended Motion to Vacate (ECF No. 112).

DISCUSSION

To succeed on a claim for ineffective assistance of counsel, Petitioner must satisfy the two-pronged test established in *Strickland v. Washington.* 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was deficient such that it fell below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that an attorney's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was prejudicial, meaning the defendant was "depriv[ed] . . . of a fair trial." *Id.* at 687. To demonstrate prejudice, Petitioner must show there was a "reasonable probability that, but-for counsel's [alleged] unprofessional errors, the result of the proceeding[s] would have been different." *Id.* at 694. Both of these prongs must be satisfied for the Petitioner to obtain the relief he is seeking. *Id.* at 687.

Petitioner asserts that his attorney's performance was deficient because he failed to realize that the Government could not prove the necessary elements of aggravated identity theft (Count III). Aggravated identity theft requires that one, in the commission of a statutorily enumerated underlying felony, "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A. Petitioner argues that an account number he possessed "was not an 'access device,' it was an 'unauthorized access device,' and therefore could not be a means of identification." Mot. to Vacate, ¶ 13, ECF No. 106. Petitioner also claims that because the account was fraudulently obtained, the victim never had possession of the account, as "something unlawful cannot lawfully belong to someone." *Id.* at ¶ 20. Therefore, Petitioner contends, he never possessed

4

a means of identification that belonged to another. *See Id.* at ¶ ¶ 13-20.

As an initial matter, Petitioner contradicts his sworn statements before this Court. At his rearraignment hearing, Petitioner stated on the record that the Government's evidence proved he committed aggravated identity theft. Gov't Response Ex. 2, ECF No. 113. Moreover, Petitioner asks this Court to narrowly define the key elements of aggravated identity theft, though the statute explicitly calls for broader definitions than the ones Petitioner seeks. *See, e.g.,* 18 U.S.C. § 1028(d)(7)(defining "means of identification" as "*any* name of number that may be used . . . to identify a specific individual") (emphasis added). Thus, absent any additional evidence beyond these conclusory contentions, Petitioner has failed to demonstrate that his attorney's performance was objectively unreasonable. *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (noting that mere conclusory statements are insufficient for satisfying the two prongs of the *Strickland* test).

Even if Petitioner established that his counsel's conduct was unreasonable, Petitioner has failed to demonstrate any prejudice. In the plea bargaining context, the "prejudice prong of the [*Strickland*] test is slightly modified," as Petitioner must show "there is a reasonable probability that, but-for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (internal quotation marks omitted); *see also id.* (quoting *Hill*, 474 U.S. at 59).

For a guilty plea to be deemed valid, there must be an "affirmative showing [by the defendant] that [the plea] was intelligent and voluntary." *Boykin v. Alabama,* 395 U.S. 238, 242 (1969). Such an affirmative showing cannot come from a "silent record," but rather must

involve "a thorough, on-the-record inquiry." *Savino v. Murray,* 82 F.3d 593, 603 (4th Cir.

1996) (referencing *Boykin,* 395 U.S. 243-44). The Fourth Circuit has long recognized that a

defendant's sworn statements attesting to their comprehension of a guilty plea "are treated as

conclusive with regard to the validity of the plea and may not be controverted later." *Id.* at

603. "Thus, in the absence of extraordinary circumstances,[3] allegations in a § 2255 motion

that directly contradict the petitioner's sworn statements made during a properly

conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'"

*United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005).

Petitioner is incapable of demonstrating any such "extraordinary circumstances," as

his sworn statements on the record before this Court explicitly acknowledged his satisfaction

with counsel's advice and confirmed the voluntariness of his plea. The rearraignment record

captured the following colloquy between the Petitioner and the Court:

| | |
|---|---|
| THE COURT: | Mr. Smith, do you understand that you're now under oath? |
| DEFENDANT SMITH: | Yes, sir. |
| THE COURT: | Are you fully satisfied with Mr. Montemarano and his representation . . . are you satisfied with the advice he's given you? |
| DEFENDANT SMITH: | Yes. |

---

[3] *See United States. v. White*, 366 F.3d 291, 300 (4th Cir 2004) (the Fourth Circuit found that blatant ineffective assistance of counsel, which the government conceded rendered a plea involuntary, constitutes "the type of 'extraordinary circumstances' that warrant an evidentiary hearing"); *see also Fontaine v. United States*, 411 U.S. 213, 214–15 (1973) (holding that severe illness and lack of counsel during a plea colloquy raises uncertainty about the voluntariness of such a guilty plea).

| | |
|---|---|
| THE COURT: | Are you pleading guilty on your own freely because you are, in fact, guilty? |
| DEFENDANT SMITH: | Yes. |
| THE COURT: | Are you satisfied, then, that you understand all the possible consequences of your plea of guilty? |
| DEFENDANT SMITH: | Yes. |

Transcript, ECF No. 113-3.

Hence, Petitioner's assertions in the pending motion outright contradict his sworn statements before this Court. This court is instructed to "dismiss any § 2255 motion that necessarily relies on allegations that contradict the [Petitioner's] sworn statements." *Lemaster*, 403 F.3d at 221. Accordingly, Petitioner's claim of ineffective assistance of counsel must fail.

<u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 106) is DENIED.[4]

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial

---

[4] Because Petitioner has failed to raise any grounds for relief, Petitioner's Motions for Discovery (ECF No. 111), Appointment of a Magistrate Judge (ECF No. 121), and Partial Summary Judgement (ECF No. 130) are also DENIED.

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:       November 23, 2016

_____/s/_____
Richard D. Bennett
United States District Judge